UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Roderico Lecount Yates,

        Plaintiff

  v.

Director of Nursing HDSP,

        Defendant

Case No. 2:23-cv-02008-CDS-NJK

**Order Denying Plaintiff's Various Motions**

[ECF Nos. 4, 5, 7, 8, 12]

      This action began with a pro se civil-rights complaint under 42 U.S.C. § 1983 submitted by state prisoner plaintiff Roderico LeCount Yates. ECF No. 1-1. But Yates did not pay the full $405 filing fee or apply to proceed *in forma pauperis* (IFP) in this action. *See* ECF No. 1. So on December 11, 2023, Magistrate Judge Koppe ordered Yates to either pay the required filing fee or file a fully complete IFP application. Order, ECF No. 3. Judge Koppe warned Yates this action would be subject to dismissal without prejudice if he failed to timely comply. *Id.* at 2. Yates responded by filing motions seeking a temporary restraining order and a preliminary injunction, the appointment of counsel, and for the defendant to produce complete copies of Yates's medical records going back at least eight years; proposed subpoenas duces tecum; a declaration supporting the motions for pretrial equitable relief; and what appears to be a copy of his original complaint. ECF Nos. 4, 5, 7, 8, 9, 10, 14. Yates, however, neither paid the filing fee nor applied for IFP status.

      Although there was no indication that Yates did not receive the court's December 11, 2023, order or could not file a complete IFP application, out of an abundance of caution, Judge Koppe extended the deadline for Yates to either pay the filing fee or apply for IFP status to April 11, 2024. ECF No. 11. Yates timely responded by filing a financial certificate and an inmate trust fund account statement for the previous six-month period that each show he is not indigent, but is fully capable of paying the full $405 filing fee. ECF No. 12. Although Yates still has not filed an IFP application itself, I construe his financial documents as seeking that relief. Based on the

financial information provided, I find that Yates cannot be permitted to proceed *in forma pauperis* in this action. Yates must therefore pay the full $405 filing fee before this case may proceed.

It is therefore ordered that Yates's Financial Certificates **[ECF No. 12]** are construed as an application to proceed *in forma pauperis*, and that application is **DENIED**.

It is further ordered that Yates must pay the full $405 filing fee for a civil action to the Clerk of the Court **on or before June 19, 2024**, to proceed with this case.

Alternatively, if Yates's financial status has changed, then he must demonstrate his indigent status by submitting a new application to proceed *in forma pauperis* with an inmate account statement for the past six months and a properly executed financial certificate to this court **on or before June 19, 2024**.

It is further ordered that Plaintiff's pending motions for various relief **[ECF Nos. 4, 5, 7, 8]** are denied without prejudice.

It is further ordered that this case will be dismissed without prejudice, and with no further notice, if Yates fails to timely comply with this order.

Dated: May 22, 2024

_____
Cristina D. Silva
United States District Judge