UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Roderico Lecount Yates, | Case No. 2:23-cv-02008-CDS-NJK |
| Plaintiff | **Order Screening**<br>**First Amended Complaint** |
| v. | |
| Director of Nursing HDSP, | [ECF No. 14] |
| Defendant | |

State prisoner Roderico Yates brings this pro se civil-rights action under 42 U.S.C. § 1983, alleging that his rights under the Eighth Amendment were violated when medical staff were indifferent to his need for medications to treat his diabetes and hypertension conditions while he was incarcerated at High Desert State Prison (HDSP). ECF No. 1-1. Yates moves for an extension of time to address the matter of the filing fee, arguing that, at his direction, funds were withdrawn from his inmate trust account to pay the full filing fee in this action. ECF No. 19. I deny the motion for an extension of time as moot because the docket, as updated on June 10, 2024, reflects that Yates has paid the full $405 filing fee in this action. ECF No. 17.

Yates also filed what appears to be a duplicate of his original complaint. *Compare* ECF No. 1-1, *with* ECF No. 14. To ensure a clear record, the Court construes Yates's complaint at ECF No. 14 to be a first amended complaint (FAC), disregards his original complaint, and now screens the FAC under 28 U.S.C. § 1915A. *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"). Having done so, I find that Yates arguably states a colorable Eighth Amendment medical-indifference claim against Director of Nursing HDSP. But that claim cannot proceed because Yates has not identified the defendant's true name. I construe the FAC as seeking an order requiring the Nevada Department of Corrections (NDOC) to identify Director of Nursing HDSP's true name. I deny that motion without prejudice to Yates's ability to raise his request in a properly supported motion under

Federal Rule of Civil Procedure 45 for the court to issue a subpoena directing the NDOC to produce that information.

## I. Screening standard

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous or malicious, or that fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b)(1)(2). All or part of the complaint may be dismissed sua sponte if the prisoner's claims lack an arguable basis in law or fact. This includes claims based on legal conclusions that are untenable, like claims against defendants who are immune from suit or claims of infringement of a legal interest that clearly does not exist, as well as claims based on fanciful factual allegations or fantastic or delusional scenarios. *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989), *superseded on other grounds by* 28 U.S.C. § 1915(e); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

In addition to the screening requirements under § 1915A, under the Prison Litigation Reform Act (PLRA), a federal court must dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2) (cleaned up). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When the court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend with directions about curing the deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995), *superseded on other grounds by* 28 U.S.C. § 1915(e).

Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes all

allegations of material fact as true and construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). But a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

II.   Screening of FAC

A.   Yates's factual allegations

Yates is a chronic-care patient who suffers from type II diabetes and hypertension. ECF No. 14 at 3. Yates has been prescribed metformin (850 mg), Glipizide (5mg), losartan (50mg), and hydrochlorothiazide (25 mg) to treat his conditions. *Id.* Yates sent "several medical form requests notifying" Director of Nursing HDSP about his missing medications, but they have not been answered. *Id.* Director of Nursing HDSP is aware of Yates's medical conditions and need for medications. *Id.* Yates could die without his medications. *Id.*

Yates attaches an Inmate Request Form as an exhibit to the FAC. *Id.* at 8. The form purports that it was sent to "Director of Nursing" on November 22, 2023. *Id.* The form appears to have been signed by receiving staff, but there is no response, and the form is not signed by "responding staff." *Id.* The form appears to state:

> I'm a 56 ½ year old chronic care patient! As always with respect I filled out a Medical Kite in September 2023 2 weeks before my meds ran out. Nothing came! I was told that my prescriptions had expired! I filled out a second kite[] in Oct. 2023 and to date still nothing! My KOPs are as follows: Metformin 850 mg tab for Type II Diabetes, Glipizide 5 mg tab for Type II Diabetes, Losartan 50 mg tab and Hydrochlorothiazide 25 mg tab. It's been 59 days and counting without any medications!!!

*Id.* Yates was without his medication from September to at least December 4, 2023, when he signed the FAC. *Id.* at 3–4. Yates is experiencing headaches, nosebleeds, and dizziness without his

medication. *Id.* at 5. Yates believes that his life is in danger if he does not receive medication for his conditions. *Id.*

### B. Analysis of Yate's Eighth Amendment medical-indifference claim

Based on the allegations summarized above, Yates sues Director of Nursing HDSP. *Id.* at 1–2. He seeks injunctive and monetary relief. *Id.* at 4. I liberally construe the complaint as bringing an Eighth Amendment medical-indifference claim about delay or denial of medications to treat diabetes and hypertension conditions. I address that theory and any issues below.

The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency . . . .'" *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). A prison official violates the Eighth Amendment when he acts with "deliberate indifference" to the serious medical needs of an inmate. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012), *overruled on other grounds by Peralta v. Dillard*, 744 F.3d 1076, 1082–83 (9th Cir. 2014).

To satisfy the objective prong, "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (cleaned up). To satisfy the deliberate-indifference prong, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Id*. Indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id.* (cleaned up). When a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay led to further injury. *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (holding that "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference").

Yates arguably states a colorable Eighth Amendment medical-indifference claim about delay or denial of medications to treat his diabetes and hypertension conditions. Yates alleges that he is a chronic care patient who has type II diabetes and hypertension. Yates was prescribed metformin, Glipizide, losartan, and hydrochlorothiazide to treat his conditions. Yates is allowed to keep these medications on his person. He is required to submit a medical kite to obtain refills.

When Yates submitted a medical kite for refills in September 2023, he was told his prescriptions had expired. When Yates submitted a medical kite for refills in October 2023, he did not receive a response. Yates sent a medical kite to HDSP's "Director of Nursing" in November 2023, explaining what happened and stating that he's been without the medications for 59 days. No one responded to Yates's kite. Yates still had not received his medications as of December 2023. Yates has experienced headaches, nosebleeds, and dizziness without his medications.

Generously construed, the allegations state that Yates needlessly suffered pain, discomfort, and symptoms from his medical conditions because of being denied his medications. It can be inferred from the allegations that Yates was not scheduled to see a provider to renew his prescriptions when he sought to refill them in September 2023. It can also be inferred that Director of Nursing HDSP was responsible for addressing the medication problems that Yates raised, like scheduling him to see a provider or refilling his prescriptions, but failed to do so despite knowing that Yates was suffering and needs medications to treat his conditions. The Eighth Amendment medical-indifference claim may therefore proceed against Director of Nursing HDSP when Yates learns that person's true name and obtains leave of court to substitute that person as a defendant in this action.

III.     Doe defendants and motion to produce documents

I have allowed a claim to proceed against a Doe defendant. Although the use of "Doe" to identify a defendant is not favored, flexibility is allowed in some cases where the identity of a party is not known before filing a complaint but can subsequently be determined through discovery. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). "In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants,

unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Id.* (collecting cases).

I find that Yates is entitled to discovery on the identity of Director of Nursing HDSP under *Gillespie* because it is not clear that person's identity could not be obtained through discovery based on the factual details Yates pleads, including that he sent a kite to that person and "medical" on November 22, 2023, which appears to have been signed by "receiving" staff the same date. And as discussed above, it does not appear that Yates's claim against Director of Nursing HDSP should be dismissed on other grounds. What remains to be decided is how Yates can attempt to obtain this information.

I construe the FAC as seeking an order requiring the NDOC to identify Director of Nursing HDSP's true name. I deny this request without prejudice because it has not been properly presented. This action cannot proceed to discovery served on a named defendant because the only defendant in this action is a Doe who cannot properly be served with process. So if Yates wants to discover the true name of Director of Nursing HDSP from the NDOC or its custodian of records, neither of which are proper defendants in this action, then he must file a motion under Federal Rule of Civil Procedure 45 for the court to issue a subpoena duces tecum. *Compare* Fed. R. Civ. P. 26(d)(1) (authorizing the court to order early discovery in a case), *with* Fed. R. Civ. P. 45 (authorizing service of a subpoena on a nonparty).

A subpoena duces tecum is a document that requires the person or entity served with it to provide requested documents or information in their possession. *See* Fed. R. Civ. P. 45. It is a way to obtain information or documents from companies, people, or entities that are not properly named in a lawsuit. Rule 45 sets forth the procedure for obtaining, serving, and responding to a subpoena duces tecum. If Yates wishes to use this method to discover Director of Nursing HDSP's identity, he must file a properly supported and complete motion for the Court to issue a Rule 45 subpoena duces tecum. Yates must attach a copy of his proposed Rule 45 subpoena to his motion. His motion must clearly identify the information he is seeking, and it must explain why the information would be available from the person or entity that is the target of the subpoena. Yates should carefully review Rule 45 before filing such a motion.

IV. Conclusion

It is therefore ordered that Yates's motion for an extension of time to pay the filing fee [ECF No. 19] **is denied as moot**.

It is further ordered that the complaint filed at ECF No. 14 is Yates's operative pleading, and it is construed as a first amended complaint.

It is further ordered that the Eighth Amendment medical-indifference claim about the need for medications to treat diabetes and hypertension conditions may proceed against Director of Nursing HDSP when Yates learns that person's true name and obtains leave of court to substitute that person as a defendant in this action.

It is further ordered that Yates has **until July 31, 2024**, to file with the court **either** a motion to substitute the true name of Director of Nursing HDSP as a defendant in this action **or** a motion under Rule 45 for the court to issue a subpoena duces tecum for the NDOC to produce Director of Nursing HDSP's true name.

It is further ordered that if Yates fails to timely file either a motion to substitute Director of Nursing HDSP's true name or a motion under Rule 45 for a subpoena duces tecum to obtain that information, this action will be subject to dismissal without prejudice.

It is further ordered that the Clerk of the Court will (1) update the docket and the caption of ECF No. 14 to reflect that it is a first amended complaint and (2) send plaintiff Yates a courtesy copy of his first amended complaint (ECF No. 14) and the form AO 88B titled "Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action."

Dated: June 17, 2024

_____
Cristina D. Silva
United States District Judge