UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RODERICO LECOUNT YATES,<br><br>          Plaintiff,<br><br>    v.<br><br>DIRECTOR OF NURSING HDSP,<br><br>          Defendant. | Case No.: 2:23-cv-02008-CDS-NJK<br><br>**ORDER**<br><br>(Docket No. 21) |

   Plaintiff Roderico Yates brings this *pro se* civil-rights action to redress constitutional violations that he allegedly suffered while incarcerated at High Desert State Prison ("HDSP"). Plaintiff has paid the full $405 filing fee in this action. Docket No. 17. In screening the complaint, the Court allowed an Eighth Amendment medical-indifference claim to proceed against a Doe defendant and gave Plaintiff until July 31, 2024, to either move for leave to substitute the Doe's true name or move for the issuance of a Rule 45 subpoena *duces tecum* to discover that information. Docket No. 20. Plaintiff timely moved the Court to issue a Rule 45 subpoena, arguing that HDSP Warden Jeremy Bean will be able to supply the Doe defendant's true name without difficulty and that Plaintiff will endure "hardship" trying to obtain the name himself. Docket No. 21.

   "A command in a subpoena to produce documents, electronically stored information, or tangible things requires the responding person to permit inspection, copying, testing, or sampling of the materials." Fed. R. Civ. P. 45(a)(1)(D). The party "responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." *Id.* at (d)(1). Further, "[t]he court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply." *Id.*

   This case is still in the screening stage and cannot proceed until Plaintiff discovers the true name of the person(s) who served as HDSP's Director of Nursing from September to December

2023, when Plaintiff allegedly sought to no avail medications to treat his chronic type II diabetes and hypertension conditions. *See* Docket No. 20 at 5. Plaintiff has shown good cause why a subpoena should issue directing HDSP Warden Jeremy Bean to identify the name of HDSP's Director of Nursing or documents containing that information. The proposed subpoena that Plaintiff submitted is deficient, however, because it commands Bean to produce the name of the Director of Nursing without specifying the relevant timeframe or prison. The Court will amend the subpoena to state that the recipient is commanded to produce:

> The name of the person(s) who was/were employed as the Director of Nursing at High Desert State Prison from September to December 2023 or documents identifying that information.

The Court also will amend the subpoena to state that production must occur at the NDOC facility where Plaintiff is housed on the production date, 45 days from the date of service or acceptance of service.

Finally, after the NDOC completed the change of custody levels at HDSP and Ely State Prison ("ESP"), the Court gave Plaintiff until November 22, 2024, to file his updated address with the Court. Docket No. 22. That deadline expired without an updated address from Plaintiff, and his mail from the Court has been returned as undeliverable, noting that he's at ESP. Docket No. 23. Plaintiff is reminded that he must immediately file with the Court written notification of any change of address. LR IA 3-1. "This change of address includes moving to a new institution or being released on parole." Docket No. 2 at 1. The Court will grant Plaintiff a final extension of time to file his updated address with the Court.

Accordingly, and for the reasons stated above,

IT IS ORDERED that the motion to issue a subpoena duces tecum, Docket No. 21, is **GRANTED in part and DENIED in part**.

IT IS FURTHER ORDERED that, no later than **February 3, 2025**, Plaintiff must file his updated address with the Court.

The Clerk of the Court is **INSTRUCTED** to (1) issue the subpoena that is attached to this order; (2) add the Nevada Department of Corrections to the docket as an Interested Party; and (3) electronically provide a copy of this order, including the attached subpoena, and copies of all

items previously filed in this case by regenerating the Notices of Electronic Filing on the Office of the Attorney General of the State of Nevada by adding the Attorney General of the State of Nevada to the Interested Party on the docket. This does not indicate acceptance of service.

IT IS FURTHER ORDERED that, no later than **January 23, 2025**, the Attorney General's Office must advise the Court whether it accepts service of the subpoena on behalf of the Nevada Department of Corrections and High Desert State Prison Warden Jeremy Bean.

IT IS SO ORDERED.

DATED: January 2, 2025.

NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE

3

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Roderico Yates
*Plaintiff*

v.

Director of Nursing
*Defendant*

Civil Action No. 2:23-CV-02008-CDS-NJK

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Warden Jeremy Bean (High Desert State Prison)
*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: The name of the person(s) who was/were employed as the Director of Nursing at High Desert State Prison from September to December 2023 or documents identifying that information.

| Place: The Nevada Department of Corrections facility where Roderico Yates is housed on the production date. | Date and Time: 45 days from the date of service or acceptance of service. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

_____     OR     x  Roderico L. Yates
Signature of Clerk or Deputy Clerk                    Attorney's signature

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____, who issues or requests this subpoena, are:

Pro Se

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.: