# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Roderico LeCount Yates,<br>       Plaintiff,<br>v.<br>Jaymie Cabrera,<br>       Defendants. | Case No. 2:23-cv-02008-CDS-NJK<br>**Order**<br>[Docket No. 65] |

Pending before the Court is Plaintiff's motion to compel. Docket No. 65.[1] Defendant filed a response. Docket No. 66. No reply was filed. The motion is properly resolved without a hearing. *See* Local Rule 78-1.

**I.   STANDARD**

"[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). When a party fails to provide discovery, the requesting party may move to compel it. Fed. R. Civ. P. 37(a). The party seeking to avoid discovery bears the burden of showing why the discovery should not be permitted. *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 309 (D. Nev. 2019) (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)).

**II.   ANALYSIS**

   A.   Requests for Production

Defendant represents that responses to Plaintiff's requests for production have now been made (in belated fashion). *See* Docket No. 66 at 4. Based on these representations, this aspect of the motion to compel will be denied as moot.

---

[1] The Court liberally construes the filings of *pro se* litigants, particularly those who are prisoners bringing civil rights claims. *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013).

1

B.  **Interrogatories 5 and 6**

These interrogatories seek information as to past complaints and disciplinary actions against Defendant.  *See* Docket No. 65 at 6-9.  Such requests are not relevant and discoverable in this case alleging deliberate indifference to medical needs.  *See, e.g.*, *Israel v. Carter*, 2022 WL 3691442, at *2 (E.D. Cal. Aug. 25, 2022) (collecting cases).[2]  This aspect of the motion to compel will be denied.

C.  **Request for Admission 3**

This request seeks an admission that medicine is frequently provided late at High Desert State Prison.  *See* Docket No. 65 at 10-11.  As such explained above, such information is not relevant and discoverable.  *See, e.g.*, *Israel*, 2022 WL 3691442, at *2.  This aspect of the motion to compel will be denied.

### III.  CONCLUSION

For the reasons discussed above, the Court **DENIES** Plaintiff's motion to compel.

IT IS SO ORDERED.

Dated: December 2, 2025

_____
Nancy J. Koppe
United States Magistrate Judge

---

[2] Defense counsel must be mindful in the future of the prohibition to citing unpublished Ninth Circuit authority issued before 2007.  *See* 9th Cir. R. 36-3; *but see* Docket No. 66 at 6.